IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION



**FILED**

**JAN 2 0 2016**



CLERK

|  |  |  |
|---|---|---|
| **MADISON GIROUX**<br>**by her Attorney-in-Fact**<br>**JENNIFER GIROUX,** | ) ) ) ) | *1/- 5003* |
|  | ) |  |
| **Plaintiffs,** | ) | **PLAINTIFF'S COMPLAINT** |
|  | ) | **FOR DAMAGES AND** |
| **v.** | ) | **DEMAND FOR JURY TRIAL** |
|  | ) |  |
| **TOMMI YOUNG BULL BEAR,** | ) |  |
| **EMT Director, City/County Alcohol** | ) |  |
| **and Drug Program, in his individual** | ) |  |
| **capacity; PROGRAM STAFF MEMBER** | ) |  |
| **JOHN DOE, in his individual capacity;** | ) |  |
| **PROGRAM STAFF MEMBER JANE** | ) |  |
| **DOE, in her individual capacity;** | ) |  |
| **PENNINGTON COUNTY SHERIFF's** | ) |  |
| **DEPUTY PAUL STEVENS** | ) |  |
| **in his individual capacity; PENNINGTON** | ) |  |
| **COUNTY STATE'S ATTORNEY** | ) |  |
| **SARAH E. MORRISON, in her individual** | ) |  |
| **capacity,** | ) |  |
|  | ) |  |
| **Defendants.** | ) |  |

COMES NOW Jennifer Giroux, and brings this action on behalf of Plaintiff Madison

Giroux, as her attorney-in-fact, against Defendants and alleges as follows:

## PRELIMINARY STATEMENT/NATURE OF THE ACTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983, by Jennifer Giroux, on

behalf of Plaintiff Madison Giroux, as Madison's attorney-in-fact, for clear violations of

Madison's right to confidentiality under 42 U.S.C. § 290 ee-3, to be free from unreasonable

search, and to due process of law under the United States Constitution. Plaintiff is a young

woman suffering mental and emotional illness requiring psychotropic medication.  Plaintiff

1

became addicted to narcotics following a medical procedure while Plaintiff was still a teenager, for which she was prescribed pain-killing medication. Plaintiff sought help and was ultimately voluntarily admitted to the City/ County Drug Treatment Program located in Rapid City, South Dakota. On Madison's voluntary admission to the program facility January 20th, program staff discovered an empty syringe in Madison's luggage. Program called law enforcement to the facility, provided law enforcement with confidential legal and medical information about Plaintiff unrelated to any possible crime at the facility. Program staff compelled Plaintiff to provide a urine sample for use by law enforcement solely for law enforcement purposes and to submit to interrogation by law enforcement while an inpatient at the program facility. Law enforcement unlawfully received Madison's confidential patient records from program staff. Law enforcement subsequently used those confidential records in an investigation and criminal prosecution of Plaintiff in clear violation of federal law and regulation. Accordingly, Plaintiff seeks a declaration that program staff's and law enforcement's conduct violated the right to be free from unreasonable seizure and the due process provisions of the United States Constitution. Plaintiff seeks damages for the significant emotional distress caused by Defendants' illegal conduct acting under color of state law as well as reasonable attorney's fees as provided by 42 U.S.C. § 1983.

## JURISDICTION AND VENUE☐

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), because this case involves a federal question and federal law under 42 U.S.C. § 1983.

3. Venue is proper in the Western District of South Dakota pursuant to 28 U.S.C. § 1391(b), because the actions which give rise to the claims asserted in this Complaint arose in this district,

and Defendants reside or are located within this district.

## PARTIES☐

4. Plaintiff, Madison Giroux, and Plaintiff's attorney-in-fact, Jennifer Giroux, resides at 4102
Timothy Street Rapid City, South Dakota 57702. (605) 430-0286.

5. Defendant Tommi Young Bull Bear resides at, or its business is located at City/County
Alcohol Drug Programs 725 North Lacrosse St. Rapid City, SD 57701 (605) 394 612. Defendant
Paul Stevens resides at, or its business is located at: 300 Kansas City St Rapid City, SD 57701
(605) 394-6113. Defendant Sarah E. Morrison resides at or her business is located at 130 Kansas
City St. Suite 300 Rapid City, SD 57701 (605) 394-2191.

## FACTUAL ALLEGATIONS

6.    Plaintiff Madison Giroux suffers from mental illness.

7.    Madison's mental illness requires psychiatric medication.

8.     Plaintiff is addicted to narcotics.

9.    Madison's addiction to narcotics began when she was prescribed medication following a
      medical procedure.

10.    Plaintiff contracted Hepatitis C during the course of her addiction.

11.    Plaintiff sought professional help for these illnesses.

12.    In December of 2014, Plaintiff became pregnant.

13.     On December 31, 2104, as a result of her pregnancy, Madison's professional counselor
        recommended that she be admitted to an inpatient drug treatment program jointly
        administered by Pennington County, South Dakota and the City of Rapid City, South
        Dakota.

14.     The City/County program is subject to the requirements of 42 U.S.C. 290 ee-3 and
        corresponding federal regulations appearing at 42 CFR 2.1 et seq.

15.     The psychiatric drugs required to control Madison's mental illness are likely to result in
        serious birth defects.

16.     Sixteen days after her admission to the City/County program, on January 16th, Plaintiff
        was discharged by order of the court in order to undergo a pharmaceutically induced
        miscarriage.

17.     After that procedure, Plaintiff was prescribed painkilling medication.

18.     Following that medication, Plaintiff relapsed.

19.     A few days after that relapse, on January 20, 2014, Plaintiff voluntarily returned to the
        City/County program for residential treatment.

20.     Plaintiff was not experiencing a medical emergency.

21.     On January 21, 2014, the day after Madison's return to the program facility, program
        staff found an empty syringe in Madison's luggage.

22.     Defendant Program staff requested that a Pennington County Sheriff's Officer come to
        the program facility.

4

23.     Defendant Sheriff's Officer Paul Stevens was the responding officer.

24.     Defendant EMT Supervisor and program staff Tommi Yong Bull Bear disclosed to
        Defendant Officer Paul Stevens the presence of the empty syringe in Madison's luggage.

25.     Defendant EMT Supervisor and program staff Tommi Yong Bull Bear then disclosed
        additional program records to Defendant Officer Paul Stevens regarding the legal history of
        Madison's admission to the program.

26.     Defendant EMT Supervisor and program staff Tommi Yong Bull Bear then disclosed
        additional program records to Defendant Officer Paul Stevens regarding Madison's
        medically induced miscarriage.

27.     The additional legal and medical information Defendant Tommi Young Bull Bear
        disclosed to Defendant Officer Stevens was unrelated to any crime that occurred or could
        have occurred at the program facility.

28.     Following the discovery of the empty syringe, Defendant program staff compelled
        Plaintiff to provide a urine sample.

29.     The urine sample was not part of Madison's treatment program

30.     The urine sample was not sought for medical or therapeutic reasons.

31.     The urine sample was obtained for criminal investigation purposes.

32.     Defendant program staff did not obtain Madison's written consent to take that sample

33.     Defendant program staff did not seek a valid court order allowing the sample to be taken

5

or to be disclosed to Defendant Officer Stevens.

34. Defendant program staff then disclosed documents regarding Madison's medical history to Defendant Officer Stevens.

35. Those documentary records were in unrelated to the empty syringe.

36. Defendant Officer Stevens relied on the records obtained from program staff to initiate and to pursue a criminal investigation of Madison.

37. Defendant program staff compelled Plaintiff to undergo an interrogation by Defendant Officer Stevens.

38. Defendant program staff placed Plaintiff in a closed room with Defendant Officer Stevens for that interrogation

39. Defendant Officer Stevens conducted an interrogation of Plaintiff at the program facility.

40. At the time of the interrogation, Plaintiff was an inpatient at the City/County facility.

41. After receiving the empty syringe, Madison's name and patient status from program staff, Defendant Officer Stevens did not secure Madison's written consent to the verbal disclosure of additional records by program staff.

42. After receiving the empty syringe, Madison's name and patient status from program staff, Defendant Officer Stevens did not secure Madison's written consent to being questioned.

43. After receiving the empty syringe, Madison's name and patient status from program staff,

6

Defendant Officer Stevens did not secure Madison's written consent to giving a urine sample.

44. After receiving the empty syringe, Madison's name and patient status from program staff, Defendant Officer Stevens did not secure Madison's written consent to program disclosure of Madison's written records.

45. After receiving the empty syringe, Madison's name, and patient status from program staff, Defendant Officer Stevens did receive additional verbal records, records in the form of a urine sample from and documentary records from program staff and from Plaintiff on January 21st.

46. Defendant Officer Stevens disclosed the additional records obtained to the Pennington County State's Attorney's Office.

47. On the basis of these records, Defendant State's Attorney Morrison initiated or caused to be initiated investigation and criminal proceedings against Madison.

48. Plaintiff was arrested and ultimately charged with possession of a controlled substance and possession by ingestion, both felonies.

49. Plaintiff suffered a loss of the right to privacy, liberty and extreme emotional distress as a result of the conduct of Defendants, as alleged herein.

50. Defendants were acting under color of state law at all times herein.

## COUNT I

51. Plaintiffs incorporate by reference all prior allegations of this Complaint into this Count.

7

52.     Defendants, by their unlawful acts and acting under color of South Dakota Law, violated

        Plaintiff's right to confidentiality of records under 42 U.S.C. § 290 ee-3.

## COUNT II

### FOURTH AMENDMENT VIOLATION UNREASONABLE SEARCH

53.     Plaintiffs incorporate by reference all prior allegations of this Complaint into this Count.

54.     Defendants, by their unlawful acts and acting under color of state law, violated Plaintiff's

        rights against unreasonable searches under the Fourth Amendment to the United States

        Constitution.

55.     Plaintiff suffered such deprivations as a result of his Defendants compelling Plaintiff to

        provide a urine sample for use against her by law enforcement while she was an inpatient at

        a drug treatment facility.

56.     The unlawful search was done without a duly authorized court order, without probable

        cause, without Plaintiff's consent, and was not justified by any medical emergency, research

        purpose or exigent circumstances, in violation of the Fourth Amendment to the United States

        Constitution.

## COUNT III☐

### FOURTEENTH AMENDMENT VIOLATION DUE PROCESS

57.     Plaintiffs incorporate by reference all prior allegations of this Complaint into this Count.

58.     The Fourteenth Amendment requires government provide procedural due process before

        making a decision to infringe upon a person's life, liberty, or property interest.

8

59. Defendants, by their unlawful acts and acting under the color of South Dakota law, violated Plaintiff Giroux's federally protected right to the confidentiality of medical and legal records and her right to be free from unlawful prosecution without providing constitutionally adequate process.

60. Program Staff Defendants, by their unlawful acts and acting under color of state law, provided Defendant Stevens with Plaintiff's confidential, verbal and documentary, legal and medical records without observing the process clearly required by 42 U.S.C. § 290 ee-3 and implementing regulations.

61. Program Staff defendants failed to procure Plaintiff's consent or a valid court order before disclosing Plaintiff's records to law enforcement.

62. Pennington County Sheriff's Officer Stevens unlawfully obtained statutorily protected, confidential records without Plaintiff's consent and without obtaining the court order allowing access required by law, depriving Plaintiff of due process of law.

63. Pennington County Sheriff's Officer Stevens unlawfully disclosed those records to Pennington County State's Attorney personnel.

64. Pennington County State's Attorney's Office unlawfully received those records and unlawfully used them to initiate a criminal investigation and prosecution of Plaintiff.

65. Plaintiff was denied due process of law in the unlawful disclosure and use of her records to criminally investigate and prosecute her.

9

## PRAYER FOR RELIEF

Plaintiffs request that this Court grant the following:

1. Enter a declaration that Plaintiff's rights under 42 U.S.C. § 290 ee-3 and the Fourth and Fourteenth Amendments of the United States Constitution were violated;

3. Award Plaintiff appropriate damages; ☐

4. Award Plaintiff reasonable costs and reasonable attorney's fees pursuant ☐to 42 U.S.C. § 1988;

5. Award all other relief that is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

Respectfully Submitted,

Jennifer Giroux