UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MADISON GIROUX by her Attorney-in-fact, JENNIFER GIROUX,<br><br>               Plaintiff,<br><br>   vs.<br><br>TOMMI YOUNG BULL BEAR, EMT Director, City/County Alcohol and Drug Program, in her individual capacity; BRENDA WOOD, Director City/County Alcohol and Drug Program, in her individual capacity; PENNINGTON COUNTY SHERIFF'S DEPUTY PAUL STEVENS, in his individual capacity; and PENNINGTON COUNTY STATE'S ATTORNEY SARAH E. MORRISON, in her individual capacity,<br><br>               Defendants. | CIV. 16-5003-JLV<br><br><br>ORDER |

**INTRODUCTION**

Plaintiff Jennifer Giroux, as attorney-in-fact for her daughter, Madison Giroux, filed an amended complaint alleging defendants violated Madison's rights under 42 U.S.C. § 1983. (Docket 6). Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Jennifer Giroux ("Ms. Giroux"), appearing *pro se* after the court granted her attorney's motion to withdraw,[1] filed a response and supplement to the

---

[1]Docket 20.

defendants' motion.   (Dockets 23 & 25).   For the reasons stated below, defendants' motion is granted in part and denied in part.

## ANALYSIS

Plaintiff's complaint alleges in three counts that the defendants violated Madison's constitutional rights.   (Docket 6).   Those claims are summarized as follows:

Count I:    Violation of Madison's right of confidentiality in her medical records pursuant to 42 U.S.C. § 290ee-3;

Count II:   Violation of Madison's Fourth Amendment right against unreasonable search and seizure in a state court criminal prosecution; and

Count III:  Violation of Madison's Fourteenth Amendment right of due process in a state court criminal prosecution.

(Docket 6 at pp. 9-11).   Ms. Giroux seeks a declaration the defendants violated her daughter's rights and an award of damages, punitive damages and attorney's fees.   Id. at pp. 11-12.

Defendants' motion to dismiss plaintiff's complaint is premised on several grounds.   Those are summarized as follows:

1.    Ms. Giroux is not a proper party plaintiff under § 1983. (Docket 13 at p. 7);

2.    Defendant Sarah E. Morrison is a Pennington County Deputy States Attorney entitled to absolute immunity.   Id. at p. 2;

2

3.    As to count I, there is no private right of action under
§ 290dd-2.[2]   Id. at p. 3;

4.    As to count I, the remaining defendants are entitled to
qualified immunity.   Id. at p. 2; and

5.    As to counts II and III, those claims are barred by the Heck
doctrine.   Id. at p. 5.

The court will separately address each of defendants' grounds for dismissal.

1.    MS. GIROUX IS NOT A PROPER PARTY PLAINTIFF

Defendants argue § 1983 specifically limits the right to assert a violation of

an individual's constitutional rights "to the party injured."   Id. at p. 7.   They

allege because "Madison . . . is the party allegedly injured," Ms. Giroux is not

entitled to recovery.   Id.

Because Section 1983 does not mention standing, the court must turn to

South Dakota law to determine whether Ms. Giroux has standing to pursue these

claims on behalf of her daughter.   Landrum v. Moats, 576 F.2d 1320, 1323 n.2

(8th Cir. 1978).   In South Dakota, "[a]gency is the representation of one called

the principal by another called the agent in dealing with third persons."   SDCL

§ 59-1-1.   "The factual elements required to create an agency relationship are

the manifestation by the principal that the agent shall act for [her], the agent's

acceptance of the undertaking, and the understanding of the parties that the

principal is to be in control of the undertaking."   Tisdall v. Tisdall, 422 N.W.2d

---

[2]Defendants represent that "§ 290ee-3 was omitted in 1992 by Pub. L.
102-321.   The same provisions are now codified at 42 U.S.C. § 290dd-2."
(Docket 13 at p. 3) (reference omitted).   The court adopts defendants'
representation.   For the remainder of this order the court will address
§ 290dd-2.

105, 107–08 (S.D. 1988) (citing <u>Southard v. Hansen</u>, 376 N.W.2d 56, 58 (S.D. 1985) (additional citation, internal quotation marks and brackets omitted).

The complaint is captioned "Madison Giroux, by her Attorney-in-Fact, Jennifer Giroux."  (Docket 6 at p. 1).   The complaint alleges the claim "is a civil rights [claim] brought pursuant to 42 U.S.C. § 1983, by Jennifer Giroux, on behalf of Plaintiff Madison Giroux, as Madison's attorney-in-fact . . . ."  <u>Id.</u> ¶ 1. The complaint was signed by Britt Long, an attorney licensed to practice in the State of South Dakota and subject to the obligations of Fed. R. Civ. P. 11.[3]   <u>See</u> Docket 6 at p. 12.   For purposes of this order, the court finds that under South Dakota law Ms. Giroux has standing to assert these § 1983 claims on behalf of her daughter.

Defendants' motion to dismiss the complaint on this ground is denied.

2.   DEFENDANT MORRISON IS ENTITLED TO ABSOLUTE IMMUNITY

Ms. Morrison is a Pennington County Deputy States Attorney who prosecuted Madison in Seventh Judicial Circuit Court for Pennington County, South Dakota.   (Dockets 6 ¶¶ 5 & 56; 13 at p. 2 and 23 at p. 6).   Absolute immunity shields prosecutors from civil liability "for prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the [government's] case, and other conduct that is intimately associated with the

---

[3]Under Rule 11, "an attorney . . . certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances . . . [that] the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(b)(3).   An attorney who violates Rule 11 is subject to sanctions.   Fed. R. Civ. P. 11(c).

judicial process."   Anderson v. Larson, 327 F.3d 762, 768 (8th Cir. 2003).   The court finds Ms. Morrison is entitled to absolute immunity for claims arising out of the prosecution of Madison.

Defendants' motion to dismiss the complaint as to Defendant Morrison is granted.

3.    THERE IS NO PRIVATE RIGHT OF ACTION UNDER
       § 290dd-2

Section 290dd-2 establishes a standard by which medical records of "any program or activity relating to substance abuse education, prevention, training, treatment, rehabilitation, or research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States" are to be maintained on a confidential basis.   42 U.S.C. § 290dd-2(a).   The law declares that "[a]ny person who violates any provision of this section or any regulation issued pursuant to this section shall be fined in accordance with Title 18."   Id. at § 290dd-2(f).

Defendants argue there is no private right of action under § 290dd-2. (Docket 13 at p. 3-4) (referencing Ellison v. Cocke County, Tennessee, 63 F.3d 467 (6th Cir. 1995); Doe v. Broderick, 225 F.3d 440, 449 (4th Cir. 2000); and Chapa v. Adams, 168 F.3d 1036, 1038 (7th Cir. 1999)).   Defendants assert the United States Court of Appeals for the Eighth Circuit had not "considered whether section 290dd-2 supports a private damages action or establishes rights that are enforceable through section 1983."   Id. at p. 5.   Ms. Giroux, appearing pro se, says she was unable to find an attorney to take "this case because I have

5

learned that Courts considering Privacy Law and 42 CFR Part 2 violations have found there is no private/individual cause of action."   (Docket 23 at p. 1).

"Section 290dd–2 is a criminal statute to be enforced through the United States Attorney, guided by the statute itself and by corresponding regulations established by the Secretary of Health and Human Services, *e.g.*, 42 U.S.C. § 290dd–2(f); 42 C.F.R. §§ 2.3(b)(3) *et seq.*, but not by aggrieved private plaintiffs . . . . The 'legislative scheme' clearly leaves no place for suits by private plaintiffs." Ellison, 63 F.3d at 471.   Because there is no private right of action, Section "290dd-2 creates no substantive rights that would enable [a plaintiff] to invoke a Section 1983 claim."   Id.

This rationale has been adopted in Doe, 225 F.3d at 449 ("We hold that section 290dd–2 does not create 'enforceable rights, privileges, or immunities within the meaning of § 1983.'") and Chapa, 168 F.3d at 1038 ("We agree with Ellison.   Like other criminal statutes, § 290dd–2 creates rights in favor of society, not just particular members of society.").

While the court is unable to find an Eighth Circuit case on point, the rationale of Chapa and Doe have been used by the Eighth Circuit to conclude another federal law does not confer a private right of action.   Addressing whether 18 U.S.C. § 912, making false personation as an officer or employee of the United States a criminal offense, includes a private right of action, the court stated:

> Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil

6

litigation, are . . . poor candidates for the imputation of private rights of action. . . . [T]he Supreme Court has been unwilling to treat criminal laws as implying private entitlements . . . and has held that the victims of crime therefore lack any legal right to compel a criminal prosecution. That reluctance to form private entitlements from criminal prohibitions blocks the judicial creation of private rights of action as well.

Frison v. Zebro, 339 F.3d 994, 999 (8th Cir. 2003) (citing Chapa, 168 F.3d at 1038) (also referencing Doe, 225 F.3d at 447-48; West Allis Memorial Hospital, Inc. v. Bowen, 852 F.2d 251, 254 (7th Cir. 1988) (there is a strong presumption against recognizing a private right of action under a criminal statute); California v. Sierra Club, 451 U.S. 287, 294 (1981) (rejecting the argument that "a victim of any crime would be deemed an especial beneficiary of a criminal statute's proscription."); and Alexander v. Sandoval, 532 U.S. 275, 289 (2001) ("Statutes that focus on the person regulated rather than the individuals protected create 'no implication of an intent to confer rights on a particular class of persons.' ") (citing Sierra Club, 451 U.S. at 294)). The Frison court concluded "because we find nothing in the statutory language, structure, or elsewhere from which it could be conferred that Congress intended to create a private right of action for violation of . . . § 912, Frison cannot pursue her claim under 42 U.S.C. § 1983." Frison, 339 F.3d at 1000.

The court believes the United States Court of Appeals for the Eighth Circuit would join the Fourth Circuit, Sixth Circuit and Seventh Circuit to conclude that § 290dd-2 does not create a right of private action which could be the basis of a § 1983 claim. The court concludes § 290dd-2 does not create a

right of private action which Ms. Giroux could use to establish a civil rights claim under § 1983.

Defendants' motion to dismiss count I for failing to state a claim is granted.

### 4.   THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Even if there were a right to pursue a private cause of action for a violation of § 290dd-2 as a civil rights violation under § 1983, defendants argue they are entitled to qualified immunity because "their alleged conduct [did not] violate[] clearly established federal constitutional or statutory rights of which a reasonable person in their positions would have known."   (Docket 13 at p. 2).

Qualified immunity "is an immunity from suit rather than a mere defense to liability."   Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (emphasis omitted). To determine whether the defendants are entitled to qualified immunity, the court must address two factors:   "(1) whether the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) whether the right was clearly established at the time of the deprivation."   Jones v. McNeese, 675 F.3d 1158, 1161 (8th Cir. 2012) (internal citation and brackets omitted).   The court may consider these factors in any order.   Pearson v. Callahan, 555 U.S. 223, 236 (2009).   "Unless the answer to both of these questions is yes, the defendants are entitled to qualified immunity."   Krout v. Goemmer, 583 F.3d 557, 564 (8th Cir. 2009).

Because the court concluded the Eighth Circuit has not ruled upon the § 290dd-2 private right of action issue, the law was not clearly established at the time of the defendants' alleged conduct so that "a reasonable official would understand that what he is doing violates that right." Hollingsworth v. City of St. Ann, 800 F.3d 985, 989 (8th Cir. 2015) (internal citation omitted). Because the law was not clearly established at the time of the defendants' alleged conduct, the defendants are entitled to qualified immunity. Jones, 675 F.3d at 1161; Krout, 583 F.3d at 564.

Defendants' motion to dismiss count I on the basis of qualified immunity is granted.

5.    COUNTS II AND III ARE BARRED BY THE HECK DOCTRINE

Under the Heck doctrine:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (internal citation omitted). A plaintiff "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Id. at 489.

Counts II and III of the complaint allege Madison's constitutional rights were violated by the conduct of law enforcement in the prosecution of her state court criminal case.   (Docket 6 at pp. 10-11).   Defendants acknowledge Madison "was charged with three Class Five Felonies and two probation violations as a result of the January 20, 2014 incident."   (Docket 13 at p. 5) (referencing State of South Dakota v. Giroux, 51CRI14-000233, Seventh Judicial Circuit, Pennington County, South Dakota).   As a result of that prosecution, "Madison pleaded guilty to at least one felony."   Id.   Ms. Giroux acknowledges her daughter was prosecuted and pled guilty.   (Docket 23 at pp. 5-6). Madison's conviction has not been reversed, expunged, declared invalid or impugned by the granting of a writ.   (Dockets 13 at p. 5 and 23 at pp. 6-9).   A finding in favor of Ms. Giroux under § 1983 would implicitly undermine the validity of Madison's conviction.   Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996).   Dismissal under Heck is mandatory.

Defendants' motion to dismiss as to counts II and III is granted. Dismissal of Heck-barred claims should be without prejudice.   Gautreaux v. Sanders, 395 Fed. App'x 311, 312 (8th Cir. 2010); see also Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (dismissal of Heck-barred claim should be without prejudice so plaintiff can refile if he later satisfies the Heck requirement). Counts II and III of the complaint must be dismissed without prejudice.

## ORDER

Based on the above analysis, it is

10

ORDERED that defendants' motion to dismiss (Docket 13) is granted in part and denied in part consistent with this order.

IT IS FURTHER ORDERED that count I of plaintiff's complaint (Docket 6) is dismissed with prejudice and counts II and III of the complaint are dismissed without prejudice.

Dated March 22, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE